MORITZ, Circuit Judge,
concurring in part and concurring in the judgment:
I agree with my colleagues that we must affirm the district court’s dismissal of London’s complaint, and I join those portions of the majority opinion addressing our jurisdiction and London’s state-law claims. I write separately to express my view that we should dismiss London’s 42 U.S.C. § 1983 claim on a narrower ground.
The majority insists that to survive a motion to dismiss, a complaint alleging municipal liability under § 1983 based on custom rather than policy must identify both a specific policymaker and a specific action taken by that policymaker. Maj. Op. at 914. But London doesn’t premise his claim on a specific policymaker’s action. Instead, he cites the alleged failure of any policymaker to take any action. Given the nature of London’s claim, the omissions identified by the majority should not necessarily torpedo his complaint, particularly considering the lack of any authority or explanation to support the majority’s conclusion. But I would not reach this question because London has failed to allege facts sufficient to permit an inference that any of the City’s policymakers had notice of the pattern of constitutional violations he alleges.
Municipalities are liable under § 1983 when there exists a “ ‘direct causal link’ ” between the enforcement of the municipality’s policies and the deprivation of an individual’s constitutional rights. Dodds v. Richardson, 614 F.3d 1185, 1202 (10th Cir.2010) (quoting Bd. of Cnty. Comm’rs of Bryan Cnty. v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)). But the existence of that direct causal link does not turn on the enactment or adoption of an official policy. Rather, a municipality may be liable for constitutional violations resulting from its customs, even if those customs have not received formal approval from the municipality’s policymakers. Monell v. Dep’t of Soc. Servs. of City of New York, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A plaintiff who pursues municipal liability based on such a custom may establish the requisite causal link between the municipality’s actions and the constitutional violation by showing “(1) a continuing, widespread, and persistent pattern of misconduct by the state; (2) deliberate indifference to or tacit authorization of the conduct by policy-making officials after notice of the conduct; and (3) a resulting injury to the plaintiff.” Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist., 511 F.3d 1114, 1125 (10th Cir.2008).
The majority holds that London’s complaint fails to sufficiently allege a direct causal link between the City and the alleged constitutional violation because (1) he fails to identify any policymakers; (2) he fails to identify any specific actions taken by those policymakers; and (3) he fails to allege any facts suggesting the City had notice of the alleged pattern of misconduct. Maj. Op. at 914. But the majority’s reliance on the first two omissions is *917 at odds with this court’s express acknowl-edgement that a plaintiff can employ a variety of theories to allege municipal liability under § 1983 based on a policy or custom. See, e.g., Bryson v. City of Oklahoma City, 627 F.3d 784, 788 (10th Cir.2010) (explaining “municipal policy or custom may take the form of’ (1) a formal regulation or policy; (2) a practice so widespread as to amount to custom; (3) decisions of employees with final policymaking authority; (4) ratification by policymakers of decisions made by subordinates to whom the policymakers delegated authority; or (5) failure to adequately train or supervise employees).
Liability under some of these theories may well require identification of a specific policymaker and his or her specific actions. For instance, a plaintiff who alleges liability based on the decision of an employee with final policymaking authority presumably must identify both the decision and the employee. .But these requirements do not necessarily apply to London’s claim. See Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir.2008) (explaining that “the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context”).
Unlike claims asserting liability based on the adoption of an official policy, London’s allegations of deliberate indifference to and tacit authorization of a pattern of officer misconduct pervasive enough to constitute a custom seem premised, by definition, on policymakers’ inaction. See Kramer v. Wasatch Cnty. Sheriff’s Office, 743 F.3d 726, 758-59 (10th Cir.2014) (distinguishing § 1983 liability based on official policy from § 1983 liability based on unwritten custom, and discussing theory of “liability by inaction”). Similarly, London does not suggest that a specific policymaker committed a specific act. Instead, he contends none of the City’s policymakers took action. Nor does London assert that a specific policymaker received notice of the misconduct. Rather, he suggests that a plaintiff can satisfy Rost’s actual notice requirement by alleging a history of past incidents so pervasive that someone at the policymaking level was bound to have known about them. See Owens v. Baltimore City State’s Attorneys Office, 767 F.3d 379, 402-04 (4th Cir.2014), cert. denied, — U.S. -, 135 S.Ct. 1893, 191 L.Ed.2d 762 (2015) (reversing dismissal of complaint asserting police liability for constitutional violation arising from police department’s custom when department failed to take action to. correct pattern of officer misconduct, and noting police department’s notice and indifference could be inferred from sufficiently pervasive pattern of misconduct).
Given the various approaches to alleging liability under § 1983 and the nature of London’s claim, I cannot agree with the majority’s one-size-fits-all approach in the absence of any authority or explanation to support it, especially under our liberal pleading standards. See id. at 403 (“Although prevailing on the merits of a Mo-nell claim is difficult, simply alleging such a claim is, by definition, easier.”). Nevertheless, I would not reach the issue here because I agree we must affirm the district court’s dismissal of London’s § 1983 claim based on his failure to plead sufficient facts to establish notice. I would, however, take a slightly different tack in reaching that result.
The majority appears to accept as true all 52 of London’s allegations of police misconduct. Maj. Op. at 914. But I would conclude that most of those allegations are mere legal conclusions and thus are not entitled to the assumption of truth that applies to factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 *918 L.Ed.2d 868 (2009). Even assuming London is correct that he may sufficiently plead notice by alleging a history of past incidents so numerous and widespread as to support an inference that someone at the policymaking level must have known about the alleged misconduct, I would find that London’s factual allegations are insufficient, as a matter of law, to suggest a pattern extensive enough to support such an inference. Thus, I would affirm the district court’s dismissal of London’s complaint based on his failure to allege sufficient facts to support an inference that any policymaker had notice of the pattern of misconduct he allegés. I would therefore reserve for another day the more difficult question of whether a plaintiff like London must identify a specific action taken by a specific policymaker to avoid dismissal under Fed.R.Civ.P. 12(b)(6).